DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID JULIAN LISTON, III,** and **DENA LISTON,**
Appellants,

v.

**CLAUDIA LILIANA SALVI,**
Appellee.

No. 4D2025-3316

[July 29, 2026]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nickolaus Hunter Davis, Judge; L.T. Case No. 062025CA001912AXXXCE.

Dina M. Contri and Teresa Taglianetti of Sellars, Marion, Bachi, Contri & Kantor, P.A., West Palm Beach, for appellants.

Juan R. Serrano and Cecilia Torello of Griffin & Serrano, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

David and Dena Liston, the defendants below, appeal an order granting plaintiff Claudia Salvi's motion for leave to amend the complaint to plead punitive damages claims against them. For the reasons discussed more fully below, we affirm the order as to David Liston but reverse the order as to Dena Liston.

## Background

Salvi and the Listons are neighbors. Salvi alleges that she was walking her dogs along a sidewalk in the neighborhood when the Listons suddenly attacked her, both verbally and physically, based on a mistaken belief that she had yelled at their son earlier that day. She alleges that she suffered physical injuries and emotional distress.

Salvi sued the Listons for assault, battery, false imprisonment, and negligence. She later moved for leave to amend the complaint to add

punitive damages claims, relying on theories of both intentional misconduct and gross negligence.

Salvi relied primarily on her own deposition testimony as evidentiary support for her motion. In response, the Listons argued that Salvi had failed to present sufficient evidence of intentional misconduct or gross negligence to allow her to plead punitive damages claims. They argued that the evidence showed a "brief, chaotic altercation," not the type of "deliberate, malicious, or wanton attack" that would warrant an award of punitive damages.

The trial court granted Salvi's motion to amend, finding that she had presented sufficient evidence to establish a reasonable basis for recovery of punitive damages at trial. This appeal followed.

## Legal Standards

We review an order granting a motion for leave to amend the complaint to plead a punitive damages claim de novo. *Vaziri v. Jerkins*, 400 So. 3d 634, 636 (Fla. 4th DCA 2025).

"A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2025). "'Intentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage." § 768.72(2)(a), Fla. Stat. (2025). "'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b), Fla. Stat. (2025). As a general matter, the defendant's conduct must have been "truly culpable" and "outrageous" enough to warrant punitive damages. *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (internal quotations marks and citations omitted).

A party cannot plead a punitive damages claim without making "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2025). Thus, in ruling on a motion for leave to amend the complaint to plead a punitive damages claim, the trial court must determine "whether a reasonable person could conclude, based on the claimant's evidence, that the defendant committed 'intentional

misconduct' or 'gross negligence,' as defined in section 768.72(2)." *Perlmutter v. Fed. Ins. Co.,* No. SC2024-0058, 51 Fla. L. Weekly S163, 2026 WL 1689765, at *4 (Fla. June 11, 2026). The evidence need not meet the "clear and convincing evidence" standard of proof at the pleading stage; the court should consider only "whether the claimant can show reasonable evidentiary support" for the allegations in the proposed amended complaint. *Id.* at *4-5. The court must view the evidence "in the light most favorable to the plaintiff" and must not weigh the evidence or "decide the truth of the matter." *Id.* at *5; *see also id.* at *4 (stating that the court should consider only evidence proffered by the plaintiff and should not consider any "evidentiary counter-submission" from the defendant).

## Discussion

Applying these standards, including considering only the evidence submitted by Salvi, we conclude that the trial court did not err in allowing Salvi to plead a punitive damages claim against David. Salvi proffered testimony that David had veered his truck onto the sidewalk to block her path, approached Salvi aggressively while yelling and cursing, picked up Salvi's dog by the collar and choked it, punched Salvi twice, causing her to fall to the ground, and threw hot coffee on her. This evidence, viewed in the light most favorable to Salvi, could reasonably support a finding that David had committed intentional misconduct or gross negligence as defined in section 768.72(2). *See Perlmutter,* 2026 WL 1689765, at *4-5.

However, we conclude that the trial court erred in allowing Salvi to plead a punitive damages claim against Dena, because Salvi did not proffer evidence that Dena, personally, had done anything more than spit in Salvi's face twice. *See* § 768.72(2) (stating that a defendant can be held liable for punitive damages only if she is "*personally guilty* of intentional misconduct or gross negligence" (emphasis added)). This conduct alone does not meet the statutory definition of intentional misconduct or gross negligence. Salvi's evidence, even when viewed in the light most favorable to Salvi, does not reasonably support a finding that Dena "had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to [Salvi] would result" or that her conduct was "so reckless or wanting in care that it consisted a conscious disregard or indifference" to Salvi's "life, safety, or rights." § 768.72(2); *see Perlmutter,* 2026 WL 1689765, at *4–5.

## Conclusion

We affirm in part and reverse in part the trial court's order granting Salvi's motion for leave to amend the complaint to plead punitive damages

claims. We affirm the order as to David Liston because Salvi presented sufficient evidence to establish a reasonable basis for recovery of punitive damages against him based on intentional misconduct or gross negligence. We reverse the order as to Dena Liston because Salvi did not present sufficient evidence that she was personally guilty of intentional misconduct or gross negligence warranting punitive damages.

*Affirmed in part, reversed and remanded in part.*

SHEPHERD, SHAW and LOTT, JJ., concur.

*       *       *

***Not final until disposition of timely-filed motion for rehearing.***

4